Alexis Mager Lakusta, pro se
1259 El Camino Real #245
Menlo Park, CA 94025
(650) 566-9971

FILED
2007 NOV -5 PM 3:55
[CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| Alexis Mager Lakusta,<br><br>　　　Debtor, Appellee<br><br>v.<br><br>U.S. Trustee,<br><br>[Mark Evans,] et al.,<br><br>　　　Defendants, Appellees | C-07-00227 SBA<br><br>Bankruptcy Court No. 02-31521<br><br>**QUESTIONS TO BE PRESENTED ON APPEAL TO THE NINTH CIRCUIT COURT IN APPEAL FROM ORDER OF JUDGE SAUNDRA BROWN ARMSTRONG** |

Appellant would like the Court to address two issues in this appeal:

1. Are Judge Carlson's ORDER DIRECTING DISMISSAL OF ACTION WITH PREJUDICE and Judge Armstrong's order affirming Judge Carlson's order <u>entirely void and not entitled to full faith and credit</u>, based upon the grounds stated below?

　　a. the subversion of the adjudication process – a "fraud on the court" – by defendant Evans and attorneys/agents for Evans, including:

　　　　(1) the false denial of, and the lawyer-assisted concealment of,

pre-petition forgery, fraudulent recordation of grant deeds, and fraudulent procurement of grant deeds,

(2) a post-petition lawyer-facilitated ransom scheme disguised to the court and to the creditors of appellant's bankruptcy estate as a "settlement" of appellant's first lawsuit against Defendant Evans (within hours after being notified that appellant had filed for chapter 11 protection, Evans and/or his agents broke into appellant's Woodside homes, stole a portrait of appellant's deceased mother and other valuable works of art, and removed five exterior doors from their hinges and from appellant's property; for the return of the stolen portrait, works of art, the custom doors, and numerous other personal items, Evans demanded $180,000 – to be raised from the forced sale of appellant's residence property – as well as extremely valuable legal concessions, including release from all liability for tortuous and criminal acts committed by either by Evans or those workings with and/or for Evans; for his demands Evans offered nothing of value which he was not already legally obligated to provide),

(3) the secret and invalid dismissal of appellant's first adversary proceeding against Evans – without either appellant's or his counsel's knowledge or signature – in violation of Rule 41 (a)(1)(ii) of the Federal Rules of Civil Procedure and Rule 7-12 ("Stipulations") of the Civil Local

    Rules of the U.S. Bankruptcy Court, Northern District of California,

  (4) the lawyer-assisted filing of a shell corporation chapter 11 petition by Defendant Evans, who fraudulently alleged ownership of appellant's residence property as the only asset of the corporation,

b. extrinsic fraud by officers of the court before, during, and after the 2005 trial:

  (1) Pahl and Gosselin breached its obligatory duty of loyalty to appellant, its original client. The firm switched sides approximately six weeks prior to trial, made false statements to the Judge Carlson – upon which the judge said he relied – during a pre-trail disqualification hearing, and made deceitful and intentionally misleading representations to the court, in written form before trial and orally during trial, regarding the ownership of appellant's Woodside properties and in relation to the validity of appellant's claims. In addition, Mr. Pahl's partner and Evans' counsel of record, Ms. Catherine Schlomann Robertson, is a former extern of Judge Carlson. Under normal circumstances that would not be an issue, but in this instance appellant believes a reasonable person would conclude that it is, even if the representation were not a violation of the State Bar Act.

  (2) perjury at the May 2005 trial by attorney David A. Boone, appellant's original chapter 11 counsel, concerning:

- the ownership of appellant's Woodside properties
- the truthfulness of appellant in his allegations against Defendant Evans as stated by appellant in the first lawsuit, as well as in the accompanying injunction papers and at the 341 Meeting of Creditors
- who attended the meeting which took place at Mr. Boone's office on morning of July 16, 2002,
- Boone's failure to inform his client of California Civil Code 1695 and his legal rights under the statute,

c. the denial of due process of law by Judge Carlson, who:

    (1) failed to hear appellant's title and other claims before concluding the trial in May, 2005, despite a preservation of claims order signed by the judge in exchange for a promise to sign a quitclaim deed, which appellant did sign, conveying title to his property at 633 Old La Honda Road in Woodside to new owners; who

    (2) allowed appellant's attorneys to represent defendant at trial and refused to allow appellate review of the decision before the trial began; and who

    (3) failed to "police the bargain" – by making mandated findings of fact regarding property ownership – to determine whether a contract had ever been formed.

2. Did Judge Carlson abuse his discretion when he acted as described below in connection with appellant's abandonment motion and when he subsequently ordered the dismissal of appellant's state court action

with prejudice?

  a. Judge Carlson deprived appellant of any opportunity of any kind to present his case on his motion for abandonment to the court, either at the scheduled May 12, 2006 hearing or at any other time.

  b. Judge Carlson denied appellant a meaningful opportunity to be heard at the "status conference" held on December 11, 2006. The true purpose of the unnoticed meeting was to obtain a further dismissal order, by means of Ms. Robertson's ex parte personal request made to Judge Carlson.

    - The abandonment motion hearing was vacated by Carlson. No creditors of the estate, on whose behalf the motion was made to toll the statute of limitations regarding escrow and title fraud by Chicago Title Company, objected to the motion, and counsel for the chapter 7 trustee was only interested in closing the case and offered to stipulate to an immediate abandonment of the claims upon receipt of a written stipulation. The only opposition which Judge Carlson considered before issuing his order denying abandonment, which included a provision that the trustee's counsel would "sign and submit for filing....a motion or notice of dismissal prepared by one or more of the defendants" in appellant's state court action, came from Defendant Evans' counsel Ms. Catherine Robertson – who continued to breach her firm's duty to its original client and who continued to make dishonest representations Judge Carlson – and from Evans'

previous attorneys and Evans' neighbor David A. Boone. All of these respondents had facilitated Evans' scheme to subvert the adjudication process and to defraud appellant's bankruptcy estate and were continuing to do so by the nature of their opposition to appellant's abandonment motion (with the exception of Wayne A. Silver's brief response).

- At the December 11, 2006 "status conference", Judge Carlson spoke to appellant with open hostility and was uninterested in anything he had to say. Ms. Robertson represented Evans, in continuing violation of the Rules of Professional Conduct of the State Bar Act and in violation of Rule 11-4 ("Standards of Professional Conduct"), sections (a)(1), (2), (4), and (5) of the Civil Local Rules of the U.S. Bankruptcy Court, Northern District of California.

c. Carlson significantly infringed on appellant's substantive and inalienable right to protect his real property, as guaranteed by Article 1, Section 1 of the California Constitution, since the chapter 7 trustee had abandoned appellant's 633 Old La Honda Road property on March 27, 2003, by order of Judge Thomas E, Carlson. According to <u>Collier on Bankruptcy</u>, 15th ed., p. 554-5:

> ....abandonment constitutes a divesture of all of the estate's interests in the property. Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed.[FN 20]
>
> FN 20: *In re* Dewsnup, 908 F.2d 588, 590 (10th Circuit 1990)

1   The trustee subsequently also abandoned appellant's 548 Old La
2   Honda Road property.
3   Appellant wishes to bring to the Court's attention that the major premise
4   of each of Judge Carlson's relevant decisions is that appellant conveyed his
5   Woodside properties to Defendant Evans. That premise is false, and in any
6   case remains unadjudicated. Judge Carlson failed to take steps necessary
7   to make findings that would substantiate such a conclusion.

Respectfully submitted,

Dated:  November 5, 2007

_____
Alexis Mager Lakusta,
Appellant, pro se